# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| TERRY L. MCMILLAN, § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | |
| v. § | Civil Action No. 1:22-cv-00625 |
| § | |
| AMERICAN ADVISORS GROUP C/O § | |
| REVERSE MORTGAGE FUNDING LLC, § | |
| § | |
| Defendant/Counter-Plaintiff. § | |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM AGAINST PLAINTIFF

Defendant/Counter-Plaintiff American Advisors Group[1] ("Defendant" or "AAG") files this its Original Answer to *Plaintiff's Original Petition and Stay of Order to Proceed with Expedited Foreclosure under Tex. Rule Civil Procedure 736 in Cause No. 37677* (the "Petition") and Counterclaim Against Plaintiff Terry L. McMillan ("Plaintiff" or "McMillan") for an order for foreclosure, and states as follows:

### I.  ANSWER

1. With respect to the statements and allegations in Paragraph 1 of the Petition, Defendant states Texas Rule of Civil Procedure 736.11 and the time of filing of the Petition speak for themselves.

2. With respect to the statements and allegations in Paragraph 2 of the Petition, Defendant admits the subject property is located in Washington County, Texas and further states the United States District Court for the Western District of Texas is a court of proper jurisdiction

---

[1] Although Plaintiff names Reverse Mortgage Funding LLC in the caption of the Petition, the body of the Petition only asserts allegations against Defendant American Advisors Group. Therefore, Reverse Mortgage Funding LLC is not a party to this action. Naming some parties in the caption but not in the body of the petition does not make them parties to the action. *DeNina v. Bammel Forest Civic Club, Inc.*, 712 S.W. 2d 195, 196-97 (Tex. App.—Houston [14th Dist.] 1986, no writ).

and proper venue lies in this, the Austin Division.

3. Defendant does not have sufficient information to admit or deny the statements and allegations in Paragraph 3 of the Petition. To the extent a response is required, denied.

4. With respect to the statements and allegations in Paragraph 4 of the Petition, Defendant admits AAG is a foreign corporation. Defendants further state that AAG was not served in this action but voluntarily appeared and filed a Notice of Removal. Otherwise, the statements and allegations contained in Paragraph 4 are denied.

5. Defendant admits the statements in Paragraph 5 of the Petition.

6. Defendant denies the statements and allegations in Paragraph 6 of the Petition and demand strict proof thereof.

7. Defendant admits the statements in Paragraph 7 of the Petition.

8. Defendant admits the statements in Paragraph 8 of the Petition.

9. With respect to the statements and allegations in Paragraph 9 of the Petition, Defendant states Texas Rule of Civil Procedure 736.8 and the time of filing of the Petition speak for themselves.

10. Defendant incorporates their prior answers herein.

11. Paragraph 11 of the Petition contains a legal conclusion. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested in Paragraph 11 of the Petition.

12. Paragraph 12 of the Petition contains a legal conclusion. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested in Paragraph 12 of the Petition.

13. Defendant denies the statements and allegations in Paragraph 13 of the Petition

and demand strict proof thereof.

14. Defendant denies the statements and allegations in Paragraph 14 of the Petition and demand strict proof thereof. Defendant further denies Plaintiff is entitled to the relief requested in Paragraph 14 of the Petition.

15. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 15 of the Petition.

16. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 16 of the Petition.

17. Paragraph 17 of the Petition contains a statement regarding discovery under the Texas Rules of Civil Procedure, which are not applicable to this action now pending in this court.

18. Paragraph 18 of the Petition contains a statement regarding discovery under the Texas Rules of Civil Procedure, which are not applicable to this action now pending in this court.

19. Defendants denies the statements and allegations in Paragraph 19 of the Petition and demands strict proof thereof.

20. Paragraph 20 of the Petition contains a statement regarding damages under the Texas Rules of Civil Procedure, which is not applicable to this action now pending in this court. To the extent that a response is required, Defendant denies the statements and allegations in Paragraph 20 of the Petition and demands strict proof thereof. Defendant further denies Plaintiff is entitled to the relief requested in Paragraph 20 of the Petition.

21. With respect to the Prayer of the Petition, Defendant denies Plaintiff is entitled to any of the relief requested.

    a. Defendant denies Plaintiff is entitled to the of the relief requested in subpart a. of the Prayer.

      b.  Defendant denies Plaintiff is entitled to the of the relief requested in subpart b. of the Prayer.

      c.  Defendant denies Plaintiff is entitled to the of the relief requested in subpart c. of the Prayer.

      d.  Defendant denies Plaintiff is entitled to the of the relief requested in subpart d. of the Prayer.

      e.  Defendant denies Plaintiff is entitled to the of the relief requested in subpart e. of the Prayer.

## II.  AFFIRMATIVE DEFENSES

Defendant raises the following defenses:

1.    Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief may be granted.

2.    Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because one or more of the material obligations of the note and security instrument have not been satisfied.

3.    Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the equitable doctrine of waiver.

4.    Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the Parol Evidence Rule.

5.    Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable statute of limitations.

6.    Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the waiver provisions contained in the security instrument at issue in this lawsuit.

7.    Any alleged wrongful acts or omissions of Defendant, if and to the extent such acts or omissions occurred, were legally excused or justified and were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

8.    Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the failure of a condition precedent.

9.    Defendant's actions and omissions were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the business purposes of Defendants. Any purported conduct of individuals who were or are agents of Defendant was privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Defendant pleads all statutory and common law privileges that may apply to its conduct and those of its agents.

10.   While Defendant denies that Plaintiff suffered any injury, any injury sustained by Plaintiff is the result of the acts or omissions of third parties, over which Defendant exercised no control.

11.   While Defendant denies that Plaintiff suffered any damages, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

12.   Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "one satisfaction" and "con-tort" doctrines.

13. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "economic loss" doctrine.

14. Plaintiff failed to mitigate and/or minimize his purported damages.

15. Defendant claims all offsets and credits available to them.

16. Some or all of Plaintiff's claims and causes of action fail for lack of consideration.

17. Some or all of Plaintiff's claims and causes of action are barred by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

18. Some or all of Plaintiff's claims and causes of action are barred by Plaintiff's prior breach of contract.

19. Some or all of Plaintiff's claims and causes of action are barred by the doctrine of equitable estoppel.

20. Plaintiff's claims must fail due to the failure to tender all amounts admittedly owed.

21. Plaintiff fails to state a claim upon which relief may be granted.

22. Defendant reserves the right to assert any defenses, affirmative defense(s), and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

### III. COUNTERCLAIM AGAINST PLAINTIFF

**A. Parties**

1. Defendant/Counter-Plaintiff American Advisors Group ("Defendant" or "AAG") has previously appeared herein through the undersigned counsel.

2. Plaintiff/Counter-Defendant Terry L. McMillan ("Plaintiff" or "McMillan") has previously appeared herein and may be served through his counsel of record.

**B. Property**

3. This proceeding concerns the real property and improvements commonly known as 14141 Dove Lane, Washington, Texas 77880 and more particularly described as:

> THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF TEXAS, COUNTY OF WASHINGTON, DESCRIBED AS FOLLOWS: A METES & BOUNDS DESCRIPTION OF A CERTAIN 9.81 ACRE TRACT OF LAND SITUATED IN THE MARY ANNA EARLY SURVEY, ABSTRACT NO. 40 WASHINGTON COUNTY, TEXAS, BEING A PORTION OF A CALLED 9.976 ACRE TRACT OF LAND CONVEYED TO TERRY L. MCMILLAN, BY SPECIAL WARRANTY DEED, RECORDED IN VOLUME 1337, PAGE 836 OF THE OFFICIAL RECORDS OF WASHINGTON COUNTY (ORWC), TEXAS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS WITH ALL BEARINGS BEING BASED ON THE TEXAS COORDINATE SYSTEM, CENTRAL ZONE, NAD 83. BEGINNING AT A FOUND 3/8-INCH IRON ROD MARKING THE SOUTHWEST CORNER OF A REMAINDER TRACT OF A CALLED 122.72 ACRES CONVEYED BY SPECIAL WARRANTY DEED TO IDA MAE PARKER REVOCABLE LIVING TRUST, VOLUME 1218, PAGE 663 OF THE ORWC, AND MARKING AN ANGLE POINT IN THE EAST LINE OF A CALLED 21.34 ACRE TRACT (TRACT B, EXHIBIT "A") CONVEYED TO DIANE BOGGAN AND HUSBAND CHARLES E. BOGGAN BY WARRANTY DEED RECORDED IN VOLUME 1408, PAGE 57 OF THE OFFICIAL RECORDS OF WASHINGTON COUNTY, TEXAS, AND BEING THE NORTHWEST CORNER OF SAID 9.976 ACRE TRACT AND BEING THE NORTHWEST CORNER OF THE HEREIN DESCRIBED 9.81 ACRE TRACT; THENCE NORTH 86 DEGREES 06 MINUTES 29 SECONDS EAST, ALONG THE SOUTH LINE OF SAID REMAINDER TRACT, 576.07 FEET TO A FOUND 3/8-INCH IRON ROD MARKING THE NORTHWEST CORNER OF A CALLED 5.000 ACRE TRACT OF LAND CONVEYED TO ZACHARY WAGNER AND WHITNEY HUGHES BY WARRANTY DEED WITH VENDOR`S LIEN RECORDED IN VOLUME 1258, PAGE 822 OF THE OFFICIAL RECORDS OF WASHINGTON COUNTY, TEXAS, AND BEING THE NORTHEAST CORNER

OF THE HEREIN DESCRIBED 9.81 ACRE TRACT; THENCE SOUTH 03 DEGREES 21 MINUTES 53 SECONDS EAST, ALONG THE WEST LINE OF SAID 5.000 ACRE TRACT, 747.02 FEET TO A SET 5/8-INCH IRON ROD (WITH CAP STAMPED "JONES & CARTER"), MARKING THE SOUTHWEST CORNER OF SAID 5.000 ACRE TRACT, THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED 9.81 ACRE TRACT AND BEING IN THE NORTH RIGHT-OF-WAY OF DOVE LANE; THENCE SOUTH 86 DEGREES 36 MINUTES 48 SECONDS WEST, ALONG SAID RIGHT-OF-WAY, 203.55 FEET TO A FOUND 1/2-INCH IRON ROD MARKING THE BEGINNING OF A NON-TANGENT CURVE TO THE LEFT; THENCE CONTINUING ALONG SAID NORTH RIGHT-OF-WAY, ALONG SAID CURVE TO THE LEFT HAVING A RADIUS OF 50.00 FEET, AN ARC LENGTH OF 92.76 FEET, A DELTA ANGLE OF 106 DEGREES 17 MINUTES 22 SECONDS, A CHORD BEARING OF SOUTH 86 DEGREES 40 MINUTES 17 SECONDS WEST, AND A CHORD LENGTH OF 80.02 FEET, TO A FOUND 5/8-INCH IRON ROD (WITH CAP STAMPED "HODDE"), MARKING THE MOST EASTERLY CORNER OF A CALLED 1.379 ACRE TRACT (TRACT F, EXHIBIT "C") CONVEYED BY WARRANTY DEED TO DIANE BOGGAN AND HUSBAND CHARLES E. BOGGAN, RECORDED IN VOLUME 1408, PAGE 57 OF THE OFFICIAL RECORDS OF WASHINGTON COUNTY, TEXAS; THENCE SOUTH 86 DEGREES 46 MINUTES 39 SECONDS WEST, ALONG THE NORTH LINE OF SAID 1.379 ACRE TRACT, 292.11 FEET TO A FOUND 3/8-INCH IRON ROD (WITH CAP STAMPED "RPLS 5935"), MARKING AN ANGLE POINT IN THE NORTHERLY LINE OF SAID 1.379 ACRE TRACT, THE SOUTHEAST CORNER OF THE AFOREMENTIONED 21.34 ACRE TRACT AND THE SOUTHWEST CORNER OF THE HEREIN DESCRIBED 9.81 ACRE TRACT; THENCE NORTH 03 DEGREES 23 MINUTES 38 SECONDS WEST, ALONG THE WEST LINE OF SAID 21.34 ACRE TRACT, 741.02 FEET TO THE POINT OF BEGINNING, CONTAINING 9.81 ACRES OF LAND, IN WASHINGTON COUNTY, TEXAS. (the "Property").

## C. Jurisdiction and Venue

4. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and AAG, and more than $75,000.00 is in controversy, exclusive of interest and costs. 28 U.S.C. § 1332.

5. The amount in controversy exceeds the sum or value of $75,000.00. The value of the Property exceeds $75,000.00.

6. Venue is proper in this Court because the Property is located in Washington County, Texas.

## D. Facts

7. The foregoing paragraphs are incorporated by reference for all purposes.

8. On or about April 25, 2016, Plaintiff executed an Adjustable-Rate Note (Home Equity Conversion) (the "Note") in favor of American Advisors Group in the original principal amount of up to $307,500.00.

9. Contemporaneously with the Note, Plaintiff executed an Adjustable Rate Home Equity Conversion Deed of Trust (the "Deed of Trust" and together with the Note, the "Loan Agreement"), granting American Advisors Group, its successor and assigns, a first lien on the Property. The Deed of Trust was indexed and recorded in the official records of Washington County, Texas under Book No. 1541 Pages Numbers 0546-0563.

10. The Loan Agreement provides that should Plaintiff fail to make payments on the Loan Agreement as they became due and payable, or should Plaintiff fail to comply with any or all of the covenants and conditions of the Deed of Trust, then the lender may enforce the Loan by selling the Property pursuant to applicable law and in accordance with the provisions set out therein.

11.     Plaintiff failed to make his taxes and/or insurance under the terms of the Loan.

12.     On July 21, 2020, AAG sent a Mortgage Due & Payable Notification, notifying Plaintiff of the default on the Loan Agreement and intent to accelerate the Note, to Plaintiff in in accordance with the terms of the Loan Agreement and the Texas Property Code.

13.     The default was not cured, and the maturity of the debt was accelerated. Notice of Acceleration was provided to Plaintiff on August 17, 2021 in accordance with the terms of the Loan Agreement and the Texas Property Code.

### E.     Cause of Action: Suit for Foreclosure

14.     The foregoing paragraphs are incorporated by reference for all purposes.

15.     AAG asserts a cause of action for foreclosure against Plaintiff. The Loan is a contract, and AAG fully performed its obligations under it. Plaintiff, however, did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of taxes and/or insurance due under the contract, among others).

16.     AAG seeks a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

17.     Alternatively, AAG seeks a judgment for foreclosure together with an order of sale issued to the Washington County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

18.     AAG has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Plaintiff's failure to comply with the Loan. AAG is therefore entitled to and seeks judgment against Plaintiff for its reasonable attorney fees in this action, both through

trial and in the event of a subsequent appeal, as further obligation on the debt under the Loan only and not as a personal judgment against Plaintiff.

19. All conditions precedent to AAG's right to enforce the Loan and to obtain the relief requested herein have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays the Court enter judgment granting:

a. Plaintiff take nothing on his claims;

b. a declaration that the following are secured by the Deed of Trust on the Property: (i) the outstanding balance of the Note; (ii) prejudgment interest; (iii) post-judgment interest from the date of judgment until paid; and (iv) costs of court; and a declaration that AAG's lien against the Property shall be enforced by a judgment confirming foreclosure under the Deed of Trust's power-of-sale provision or, alternatively, by judicial foreclosure with an order of sale issued to the Washington County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan debt, pursuant to Texas Rule of Civil Procedure 309;

c. award Defendant its attorney fees and costs of suit, as further obligation on the debt under the Loan only and not as a personal judgment against Plaintiff; *and*

d. all other relief, in law and in equity, to which Defendant is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas  75254
Telephone:  (214) 635-2650
Facsimile:  (214) 635-2686

**ATTORNEYS FOR
DEFENDANT/COUNTER-PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on June 27, 2022 on the following counsel of record:

Robert C. Newark, III
Texas Bar No. 24040097
A Newark Firm
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
Telephone: (866)230-7236
Facsimile: (888)316-3398
Email: office@newarkfirm.com

 */s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**